IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOHN JARVIS, BOBBI JO SARRAZIN, individually and as the parents of JADE SARRAZIN, KEEGAN SARRAZIN JARVIS, their minor children,<br>　　　　Plaintiffs,<br><br>vs.<br><br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　Defendant. | ) <br>) CV-11-132-BLG-RFC-CSO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) FINDINGS and<br>) RECOMMENDATIONS OF<br>) U.S. MAGISTRATE JUDGE<br>)<br>)<br>)<br>) |

　　　Plaintiffs bring this action to assert first-party under-insurance claims under their contract with Defendant Allstate Insurance Company ("Allstate"). Their Complaint states claims for breach of contract, common law bad faith, breach of fiduciary duty, statutory bad faith, emotional distress, and punitive damages. *Doc. 9 at 4-7.*

　　　Presently before the Court is Allstate's Motion for Partial Summary Judgment Regarding Plaintiffs' Attorney Fee Claim. Allstate seeks an order precluding Plaintiffs from recovering attorneys

-1-

fees concerning sums paid or offered before the Complaint was filed and fees related to their Unfair Trade Practices Act (UTPA) claims.

Plaintiffs respond that Allstate's Motion is not ripe for consideration. In support, Plaintiffs distinguish authority relied upon by Allstate concerning third party claims for bad faith, not first-party claims as are at issue here. Plaintiffs also assert that the determination of a fee award is fact intensive and should be determined after trial or a hearing on the merits. Allstate did not file a reply brief responding to these arguments.

It is the general rule in Montana that a party is not entitled to attorneys fees absent a specific contractual provision or statutory grant. *Sampson v. National Farmers Union Property and Cas. Co.*, 144 P.3d 797, 800 (Mont. 2006). Montana has recognized an exception to the American Rule when an insurer forces the insured to commence legal action to obtain the full benefits of the insurance contract between them. *Id. at 801*. With respect to third-party bad faith claims, however, the Montana Supreme Court has expressly held that such fees are not properly awarded as damages in third-party actions. See *Jacobsen v. Allstate Ins.* Co., 215 P.3d 649, 656-57 (Mont. 2009). This

Court has concluded, in the absence of clear authority, that the Montana Supreme Court would adhere to the American Rule and preclude an award of attorneys fees as damages in first-party bad faith actions as well. *U.S. Fidelity and Guar. Co. v. Continental Ins. Co.*, 2010 WL 4595790 (D. Mont.).

In light of the foregoing authorities, the Court concludes that the attorneys fees issues, particularly the issue whether claimants were forced into litigation, present questions of fact and are premature at this time. The record before the Court is undeveloped. In *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1002-03 (9th Cir. 2009), the Court held hearings on both the issue of liability for fees and also the issue of the value of the legal services received by the insured and thereafter issued findings of fact which formed a basis for review by both the district judge and the court of appeals. Accordingly, the Court will recommend reserving judgment on the Plaintiffs' requests for an award of fees until the record is further developed.

Accordingly, IT IS RECOMMENDED that Allstate's Motion for Partial Summary Judgment (*Doc. 34*) be DENIED with leave to renew.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve

a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

     DATED the 1st day of August, 2012.

                         /s/    CAROLYN S. OSTBY
                         UNITED STATES MAGISTRATE JUDGE