

**FILED**

AUG 2 3 2012

PATRICK E. DUFFY CLERK
BY _____
       Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JOHN JARVIS, BOBBI JO SARRAZIN, individually and as the parents of JADE SARRAZIN, KEEGAN SARRAZIN JARVIS, their minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CV-11-132-BLG-RFC<br><br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On August 1, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court deny Allstate's Motion for Partial Summary Judgment.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no

1

party filed objections to the August 1, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Allstate seeks an order precluding Plaintiffs from recovering attorneys fees concerning sums paid or offered before the Complaint was filed and fees related to their Unfair Trade Practices Act (UTPA) claims. Plaintiffs respond that Allstate's Motion is not ripe for consideration. In support, Plaintiffs distinguish authority relied upon by Allstate concerning third party claims for bad faith, not first-party claims as are at issue here. Plaintiffs also assert that the determination of a fee award is fact intensive and should be determined after trial or a hearing on the merits.

It is the general rule in Montana that a party is not entitled to attorneys fees absent a specific contractual provision or statutory grant. *Sampson v. National Farmers Union Property and Cas. Co.*, 144 P.3d 797, 800 (Mont. 2006). Montana has recognized an exception to the American Rule when an insurer forces the insured to commence legal action to obtain the full benefits of the insurance contract between them. *Id.* at 801. With respect to third-party bad faith claims,

however, the Montana Supreme Court has expressly held that such fees are not properly awarded as damages in third-party actions. See *Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 656-57 (Mont. 2009). This Court has concluded, in the absence of clear authority, that the Montana Supreme Court would adhere to the American Rule and preclude an award of attorneys fees as damages in first-party bad faith actions as well. *U.S. Fidelity and Guar. Co. v. Continental Ins. Co.*, 2010 WL 4595790 (D. Mont.).

The attorneys fees issues, particularly the issue whether claimants were forced into litigation, present questions of fact and are premature at this time. The record before the Court is undeveloped. In *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1002-03 (9th Cir. 2009), the Court held hearings on both the issue of liability for fees and also the issue of the value of the legal services received by the insured and thereafter issued findings of fact which formed a basis for review by both the district judge and the court of appeals. Accordingly, the Court will reserve judgment on Plaintiffs' requests for an award of fees until the record is further developed.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Allstate's Motion for Partial Summary Judgment (*Doc. 34*) is DENIED with leave to renew.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 23rd day of August, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE