# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JOHN JARVIS, BOBBI JO SARRAZIN, individually and as the parents of JADE SARRAZIN, KEEGAN SARRAZIN JARVIS, their minor children,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>          Defendant. | CV-11-132-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiffs John Jarvis ("Jarvis") and Bobbi Jo Sarrazin ("Sarrazin") allege the following claims against Defendant Allstate Insurance Company ("Allstate"): (1) breach of insurance contract, and (2) violation of the Unfair Trade Practices Act ("UTPA"). *Pltfs' Cmplt (DKT 9)* at ¶¶ 31-55.

Allstate filed two motions: (1) Motion for Partial Summary Judgment Regarding UTPA Claim or, in the alternative, Motion for Bifurcation of Claims (*DKT 41*), and (2) Motion for Summary Judgment Regarding Lack of Coverage for Sarrazin's Claims (*DKT 46*).

## I.   BACKGROUND

An accident occurred when a vehicle driven by Tommy Buchholz crossed the centerline and collided with a 1999 Ford pickup ("1999 Ford") occupied by Plaintiffs. *Cmplt (DKT 9)* at ¶ 7. Sarrazin owned the 1999 Ford. *See Title Certificate (DKT 49-1).*

Jarvis is the named insured on an Allstate auto policy ("Policy"). The only vehicle listed on the Policy's Schedule of Covered Autos was Jarvis' 1984 Ford pickup. *See DKT 49-3* at 13. Sarrazin's 1999 Ford was not listed on the Policy, nor was it otherwise insured. *See Oblander Aff. (DKT 61)* at ¶ 4 (referencing a letter from Plaintiffs' counsel (*DKT 61-1*)).

After receiving policy limits from Buchholz's insurer, Plaintiffs claimed underinsured motorist benefits under the Policy. *Cmplt (DKT 9)* at ¶¶ 25, 26. The Policy includes a "Montana Uninsured Motorist Coverage" endorsement. *See Policy (DKT 49-3)* at 35. This endorsement defines "Uninsured motor vehicle" to include an underinsured motor vehicle ("UIM"), and provides UIM coverage for family members. *Id*. at 36, 38, ¶ F(3)(b). There is no dispute that Sarrazin was a "family member" and therefore an "insured" under the UIM endorsement.

The questions regarding Sarrazin's UIM claims arise from the following exclusion to the UIM endorsement (the "owned vehicle exclusion"):

**C.   Exclusions**

This insurance does not apply to any of the following:

\*\*\*

**5.** With respect to damages resulting from an accident with [an underinsured vehicle], "bodily injury" sustained by:
    \*\*\*
    **b.** Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form....

*DKT 49-3* at 36.

## II.   <u>SUMMARY JUDGMENT STANDARD</u>

Fed. R. Civ. P. 56(a) requires the court to grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. A moving party without the ultimate burden of persuasion at trial has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. *Id.* at 587 (quotation omitted). In resolving a summary judgment motion, the evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citation omitted).

## III. MOTION FOR PARTIAL SUMMARY JUDGMENT ON UTPA CLAIM

### A. Parties' Arguments

Allstate argues that it had a reasonable basis "in fact and/or law" for contesting coverage and therefore it did not violate the UTPA as a matter of law. *Deft's Br. in Support of Mot. for Partial Summary Judgment (DKT 42)* at 2. Allstate represents that "there have been difficulties obtaining all of the relevant information," making evaluation of the claims difficult. *Deft's Statement of Undisputed Facts (DKT 43)* at ¶¶ 4, 6. Allstate claims that in March 2012, shortly before a settlement conference was arranged, "[m]ore than 200 pages of information were produced" related to claimed accident-related medical expenses. *Id.* at ¶ 4. Allstate argues that the UTPA and punitive damages claims are "based only on conclusory statements of bad faith and fair claims practices" and are therefore subject to summary disposition. *Deft's Opening Br. (DKT 42)* at 3.

Plaintiffs respond that there are genuine issues of material fact regarding the reasonableness of Allstate's actions. *Pltfs' Response to Deft's Mot. for Partial Summary Judgment (DKT 50)* at 3. Plaintiffs represent that they provided all information necessary to settle the

claim well in advance of filing the complaint, and have repeatedly

provided "the same medical and financial information to [Allstate] time

and again." *Id*. at 3-4 (citing to discovery responses asserting that

certain requested material has already been provided). Plaintiffs also

argue that although they provided the 200 pages of documents just

before the March 2012 settlement conference, that happened over four

months ago and Allstate has "failed to adequately adjust its position

regarding the value of [Plaintiffs'] claim even though it had knowledge

of an additional $20,000.00 in medical costs." *Id*. For these reasons,

Plaintiffs argue that the question of reasonableness should be

determined by the fact finder. *Id*. at 4-5.

## B. <u>Discussion</u>

Under the UTPA, an insured has an independent cause of action

against an insurer for actual damages caused by an insurer's unfair

claim settlement practices. *Bloxham v. Mountain West Farm Bureau*

*Mut. Ins. Co.*, 43 F. Supp. 2d 1121, 1124 (D. Mont. 1999) (citing Mont.

Code Ann. § 33-18-242(1)). But an insurer may not be held liable if the

insurer had a "reasonable basis in law or in fact for contesting the

claim...." M.C.A. § 33-18-242(5).

Whether an insurer had such a "reasonable basis in law or in fact"

is generally a question for the trier of fact. *Dean v. Austin Mut. Ins. Co.*, 869 P.2d 256, 258 (Mont. 1994). A court may determine reasonableness at the summary judgment stage only when no material facts are disputed and the underlying basis of law is grounded in a legal conclusion. *Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 602 (D. Mont. 2003) (citing *Watters v. Guar. Nat. Ins. Co.*, 3 P.3d 626, 639 (Mont. 2000) *overruled on other grounds by Shilhanek v. D-2 Trucking, Inc.*,70 P.3d 721 (Mont. 2003)). "Reasonableness" can be a question of law for the court to determine "when it depends entirely on interpreting relevant legal precedents and evaluating the insurer's proffered defense under those precedents." *Redies v. Attorneys Liab. Prot. Soc.*, 150 P.3d 930, 938 (Mont. 2007) (specifically noting that insurer invoked the reasonable basis "in law" portion of M.C.A. § 33-18-242(5) as a defense to bad faith claim).

Although Allstate does not specify whether it claims to have had a reasonable basis "in law" or a reasonable basis "in fact" for disputing coverage, the Court concludes that Allstate's defense is grounded in fact, not in law, and that the facts supporting Allstate's defense are in dispute. Allstate relies on the affidavit of Jerry Palmer, who has been involved in claims handling since July 1977 and avers that he

"reviewed the entire file from the date these claims were opened." *DKT 44 at 1.* The focus of this affidavit is on Palmer's opinion that there have been difficulties obtaining all of the relevant and material evidence in this case. *Id. at 2-3, ¶¶ 8-14.*

Plaintiffs disagree with Palmer's opinions. With their brief, they file the affidavit of Karl Knuchel in which he avers that Plaintiffs provided to Allstate the documentation necessary to prove the value of Plaintiff's claims, some of it on multiple occasions. *DKT 50-1 at 2, ¶¶ 4-8.* In support of this statement, Plaintiffs also filed discovery responses that indicate that Plaintiffs have provided copies of all the medical and billings records. *See, e.g., DKT 50 at 10.* Thus, Plaintiffs have identified genuine issues of material fact that preclude summary judgment.

Allstate does not point to a policy exclusion or some other legal authority to support its denial of coverage. Thus, this is not a situation where Allstate's defense is based "entirely on interpreting relevant legal precedents," thereby allowing the Court to evaluate the defense under those precedents. *See Redies*, 150 P.3d at 938. Instead, Allstate's defense rests on the facts surrounding whether it had sufficient information during the claims handling process. Whether

Allstate had sufficient information to reasonably deny coverage is a question properly left for the trier of fact.

## IV.  **ALTERNATIVE MOTION FOR BIFURCATION OF CLAIMS**

### A.  **Parties' Arguments**

Allstate alternatively moves to bifurcate the breach of contract claim from the UTPA and punitive damages claims. *Deft's Opening Br. (DKT 42)* at 3.  Allstate asserts three bases for bifurcation: (1) counsel for both parties will be the principal witnesses for the UTPA claims, therefore separate trial counsel is required; (2) bifurcation will avoid undue prejudice and promote judicial economy; and (3) resolution of the breach of contract claim in Allstate's favor may render the UTPA claims moot.  *Id.* at 4-5.

Jarvis objects, arguing that procedural safeguards exist for the trial counsel issue and that bifurcation would result in delay, inconvenience, and added cost.  *Pltfs' Response (DKT 50)* at 6.

### B. **Discussion**

Federal Rule of Civil Procedure 42(b) provides:

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The UTPA specifically contemplates bifurcation "where justice so requires." Mont. Code Ann. § 33-18-242 ("An insured may file an action under this section, together with any other cause of action the insured has against the insurer. Actions may be bifurcated for trial where justice so requires").

Rule 42(b) "is intended to further many significant policies – the parties' convenience, the avoidance of delay and prejudice, and the promotion of the ends of justice." *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2388 (3d ed.). Rather than the parties' wishes, the interest of efficient judicial administration controls. *Id.* "Bifurcation is the exception; not the rule." *L-3 Commun. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D. N.Y. 2005) (citations omitted). The burden is Allstate to show bifurcation is warranted. *Burton v. Mountain West Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003) (burden on moving party).

The decision whether to bifurcate lies within the trial court's sound discretion. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *Jinro America Inc. v. Secure Investment, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). A court may elect "to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings

pending resolution of potentially dispositive preliminary issues." *Jinro*, 26 F.3d at 998 (citations omitted).

Faced with similar facts, this Court previously declined to exercise its discretion to bifurcate. In *Bloxham*, an insured sued his insurer for breach of contract and violation of the UTPA. The insurer moved to bifurcate the two claims. *Bloxham*, 43 F. Supp. 2d at 1129. The court found that "the issues presented by the two counts were extremely intertwined," reasoning:

> Witnesses and evidence would be duplicated extensively were the claims tried separately. Further, it would be difficult to limit the testimony of witnesses to each claim separately. Thus, judicial economy militates in favor of a unified trial.

*Id.* (citing *Miller v. Fairchild,* 885 F.2d, 498, 511 (9th Cir. 1989) (reversing trial court's decision to bifurcate where the bifurcated issues were so intertwined that their separation tended "to create confusion and uncertainty")).

Here, it appears that a primary issue on the UTPA claim will be the timing of Plaintiffs' submission of claims information to Allstate. The same claims information will likely form the basis for Plaintiffs' damages claims on their contract claims. Thus, as in *Bloxham*, the witnesses and evidence would be duplicated. Separate trials likely

would result in undue delay, expense, and inconvenience, interfering with efficient judicial administration.

Furthermore, a favorable resolution of the breach of contract claim would not necessarily render the UTPA claims moot. In *Graf v. Continental Western Ins. Co.,* 89 P.3d 22, 26 (Mont. 2004), the Montana Supreme Court ruled that "the issues in a UTPA claim are separate and distinct from the issues in the underlying suit" and that a defense verdict in the underlying case does not require summary judgment on a claim that the insurer failed to conduct a reasonable investigation or attempt in good faith to effectuate settlement when liability had become reasonably clear. *See also Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 221 (Mont. 2008). Allstate has not cited a Montana case supporting its argument that resolution of the breach of contract claim would render moot a claim for unfair trade practices under Montana's UTPA.

Nor has Allstate demonstrated that issues regarding lawyer witnesses require bifurcation. The Rules of Professional Conduct provide that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. *Rule 3.7(a) of Montana Rules of Professional Conduct* (adopted by this Court in Local Rule 83.2).

Exceptions to this rule include testimony relating to an uncontested issue, and where disqualification of the lawyer would work substantial hardship on the client. *Id.* at Rule 3.7(a)(1), (3). It may be that counsel can stipulate as to when Allstate received claim information. It may also be that disqualification would work substantial hardship on Plaintiffs, as they assert. *See DKT 50 at 6.* Also, as Judge Molloy noted in *Bloxham*, the parties may request the trial judge to take steps to minimize any prejudice or confusion resulting from trying the claims together. These steps could include, for example, limiting evidence or UTPA references at various stages of the trial. *Bloxham*, 43 F.Supp.2d at 1130. *See also Malta Public School District v. MT Seventeenth Judicial District Court*, 938 P.2d 1335 (Mont. 1997) (bifurcated breach of insurance contract and bad faith claims to be tried sequentially to same jury).

## V. MOTION FOR SUMMARY JUDGMENT ON SARRAZIN'S CLAIMS

### A. Parties' Arguments

Allstate argues that the Policy excludes coverage for Sarrazin's claims as a matter of law. *Deft's Br. in Support of Mot. for Summary Judgment Regarding Sarrazin's Claims (DKT 47)* at 2-3. At the time of

the accident: (1) Sarrazin was a family member of Allstate-insured Jarvis, (2) Sarrazin was occupying a vehicle she owned, the 1999 Ford, (3) the 1999 Ford was not covered under the Policy, and (4) the Policy's owned vehicle exclusion excludes coverage for bodily injury suffered by a family member who occupies a vehicle owned by the family member that is not covered under the Policy. *Id.* Therefore, Allstate argues, the Policy unambiguously omits coverage for Sarrazin's claims. *Id.*

Although Sarrazin appears to concede that the exclusion language would bar her claims, she argues that genuine issues of material fact preclude the entry of summary judgment. *Pltfs' Response to Mot. for Summary Judgment Regarding Sarrazin's Claims (DKT 53)* at 3. Specifically, Sarrazin argues that: (1) Allstate paid some of her claims and such payments constitute a waiver of Allstate's right to enforce the owned vehicle exclusion; and (2) excluding coverage of her claims would violate the reasonable expectations doctrine. *Id.*

**B. Discussion**

In *Hamilton v. Trinity Universal Ins. Co.*, 465 F. Supp. 2d 1060 (D. Mont. 2006), the court considered an exclusion similar to the owned vehicle exclusion here and found that it was consistent with Montana public policy. The court explained that this type of exclusion "attempts

to prevent insureds from receiving benefits they have not paid for." *Hamilton*, 465 F. Supp. 2d at 1066. Reasoning that because Montana law encourages all drivers to obtain automobile liability insurance for each of their vehicles, the court concluded that "[p]ermitting [a plaintiff] to receive underinsured motorist benefits when his vehicle was not insured would contravene the public policy of the state of Montana." *Id.* (citing Mont. Code. Ann. § 61-6-301).

Like the exclusion in *Hamilton*, the Policy's owned vehicle exclusion excludes UIM coverage for family member injuries that occur in the family member's vehicle not insured by Allstate. The uncontested facts are that Sarrazin was a family member who was injured while occupying a vehicle she owned, and her vehicle was not insured by the Policy. *See Pltfs' Statement of Undisputed Facts (DKT 53-2)* at ¶¶ 1, 4-5, 11. Sarrazin fits squarely within the owned vehicle exclusion, and therefore Sarrazin's claims are excluded under the Policy unless her alternative arguments require coverage. The Court now turns to these arguments.

### 1. Waiver

Sarrazin asserts that Allstate waived its right to rely on the owned vehicle exclusion by providing payment for some of Sarrazin's

medical bills.  *Pltfs' Response (DKT 53)* at 5.  Allstate acknowledges

that it paid "nearly $30,000 in UIM benefits" to Sarrazin, *Deft's Reply

(DKT 55) at 3*, but asserts (1) that these payments were made in error,

*id. at 9*, and (2) Sarrazin was not prejudiced by the payments or by

Allstate's ultimate reliance on the language of the Policy exclusion, *id.

at 3*.  Allstate does not seek to recover the payments made to Sarrazin,

but argues that it is not required to make any additional payments.

Waiver is a voluntary and intentional relinquishment of a known

right, claim or privilege, which may be proved by express declarations

or by a course of acts and conduct which induces the belief that the

intent and purpose was waiver.  *VanDyke Const. Co. v. Stillwater

Mining Co.*, 78 P.3d 844, 847 (Mont. 2003).  To establish a knowing

waiver, Sarrazin must demonstrate (1) Allstate's knowledge of the

existing right, (2) acts inconsistent with that right, and (3) resulting

prejudice.  *Id.*

Payments made by mistake, when there is no showing of

prejudice, do not constitute waiver.  If an insurer initially acts under a

mistaken understanding of the underlying facts, it may refuse

additional payments after it learns information to correct the mistake.

*McDonald v. N. Ben. Ass'n*, 131 P.2d 479, 486-87 (Mont. 1942).  *See also*

*Tyler v. Fireman's Fund Ins. Co.*, 841 P.2d 538, 541 (Mont. 1992)

(finding under *McDonald* that insurer entitled to repayment of sums

paid before discovering that intentional arson excluded coverage under

contract).  Here, however, Allstate's "mistake" was acting inconsistently

with what it now argues is a clear policy exclusion.  Palmer's affidavit

does not assert that Allstate lacked knowledge of its rights, but instead

asserts that he was "unable to determine why [the owned vehicle

exclusion] determination was not made initially when Ms. Sarrazin's

claim for UIM benefits was initially presented and the claim file

opened."  *DKT 49 at 3, ¶ 11*.  The Court  concludes, however, that even

if  Sarrazin has satisfied the first two elements of proving waiver, the

third element – proof of prejudice – is missing.

"While it is true that a waiver may be implied by a course of

action or conduct which induces the belief that the intention and

purpose was waiver, such implied waiver requires a detrimental

reliance by the party who is led by the conduct to believe a waiver has

occurred."  *Benson v. Diverse Computer Corp.*, 89 P.3d 981, 986 (Mont.

2004) (internal citation omitted).  Sarrazin claims prejudice in that (1)

she has relinquished her right to seek coverage under her own policy

because she was led to believe she was covered by Allstate, and (2) she

continued to seek medical treatment from multiple providers under a belief that Allstate would make payment for the treatment. *DKT 53-1* at ¶¶ 15-16.

The first item fails, however, because Sarrazin's counsel has acknowledged that she had no other insurance. *See DKT 61-1* (counsel's letter indicating that Policy is the only insurance policy providing coverage).

The second item also fails to prove prejudice, for two reasons. First, the affidavit regarding Sarrazin's reliance contains only conclusory allegations. It does not, for example, set forth any detail regarding what debts Sarrazin incurred in reliance on Allstate's payments of UIM benefits to her. *See F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact"). Furthermore, the affidavit is signed by counsel, not by Sarrazin herself, and therefore it appears to be without proper foundation or the requisite personal knowledge. Fed. R. Civ. P. 56(c)(4) requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the

matters stated." *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550-51 (9th Cir. 1990) (affidavit of counsel rejected for lack of the necessary personal knowledge).

Second, assuming the allegations are true, Sarrazin's argument that she will be prejudiced by Allstate's reliance on the exclusion lacks merit. Sarrazin cannot rely on a belief that Allstate would make payment after Allstate informed her of its reliance on the exclusion. In *Lee v. USAA Cas. Ins. Co.*, 22 P.3d 631, 639 (Mont. 2001), the Montana Supreme Court rejected an argument that a statement made by an insurance agent worked to extend coverage beyond those covered risks expressly identified in the policy. The court reaffirmed that, in the absence of an ambiguity, an assurance made by an insurance agent does not "create" or extend coverage beyond risks covered by the policy. *Id.* The court also relied on M.C.A. § 33-15-302, which provides that "neither the insurer or any insurance producer or representative thereof ... shall make any agreement as to the insurance which is not plainly expressed in the policy."

Because the pertinent Policy language is clear, an inability to recover additional payments cannot alone constitute prejudice. As stated, Allstate is not claiming reimbursement for payments previously

made.  *See Aff. Jerry Palmer Dated July 17, 2012 (DKT 49)* at ¶ 12.
Sarrazin presents no other specific facts demonstrating either the
existence or extent of medical expenses incurred after receiving notice
of Allstate's reliance on the exclusion.  *See Lee*, 22 P.3d 640-41
(plaintiff's failure to produce evidence of detrimental reliance precluded
estoppel claim against insurer).

The Court concludes that Allstate has not waived its right to rely
on the exclusion as to payments to Sarrazin for expenses incurred after
Allstate provided notice of its reliance on the exclusion.

## 2. Reasonable Expectations of an Insured

Under the reasonable expectations doctrine, "[t]he objectively
reasonable expectations of applicants and intended beneficiaries
regarding the terms of insurance contracts will be honored even though
painstaking study of the policy provisions would have negated those
expectations."  *Transamerica Ins. Co. v. Royle*, 656 P.2d 820, 824 (Mont.
1983).  "Expectations which are contrary to a clear exclusion from
coverage are not 'objectively reasonable'..."  *Wellcome v. Home Ins. Co.*,
849 P.2d 190, 194 (Mont. 1993).

Considering similar facts, Judge Molloy rejected the argument
that an owned vehicle exclusion violated the reasonable expectations of

an insured.  Plaintiff Zach Hamilton ("Zach") was injured while occupying a vehicle he owned.  *Hamilton*, 465 F. Supp. 2d at 1061-1062.  Zach's vehicle was not insured under his parents' insurance policy.  *Id.* at 1062.  Nonetheless, Zach made a claim for underinsured motorist benefits under his parents' policy.  The insurance policy contained an owned vehicle exclusion that excluded UIM coverage where bodily injury is sustained "by a family member who owns an auto, while occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy."  *Id.* (internal quotations omitted).

The plaintiffs in *Hamilton* argued that the exclusion should be invalidated because it was contrary to the reasonable expectations of the insured.  *Id.* at 1067.  To support their argument, the plaintiffs argued that "an insured must look to several places in the policy to determine if coverage is provided."  *Id.*  The court found that the reasonable expectations doctrine is inapplicable where the terms of the insurance policy "clearly demonstrate an intent to exclude coverage," and therefore "expectations that are contrary to a clear exclusion are not objectively reasonable."  *Id.* (citing *Stutzman v. Safeco Ins. Co. of America*, 945 P.2d 32, 37 (Mont. 1997)).  The court explained:

Here, the language of the exclusion clearly omits coverage under the circumstances of this case. Any understanding of the exclusion that is contrary to this clear language is therefore unreasonable. Moreover, it is not objectively reasonable for an insured to expect to receive underinsured motorist coverage for a vehicle for which he or she has not purchased any automobile insurance. Plaintiff's claim that the owned vehicle exclusion is contrary to the reasonable expectations of an insured thus is without merit.

*Hamilton*, 465 F. Supp. 2d at 1067.

The owned vehicle exclusion in the Policy is substantively the same as the owned vehicle exclusion in *Hamilton*, and clearly omits coverage for Sarrazin's damages. Nonetheless, Sarrazin argues that in order to "wholly and completely understand the Policy, one has to repeatedly flip through the Policy's pages to understand" when coverage is provided. *Pltfs' Response (DKT 53)* at 6. This is the same argument that the *Hamilton* court rejected, and the Court similarly rejects it here. It is not objectively reasonable, as the *Hamilton* court reasoned, for Sarrazin to expect to receive underinsured motorist coverage when she was injured in a vehicle not covered under the Policy. The terms of the owned vehicle exclusion do not violate the reasonable expectations of an insured.

The owned vehicle exclusion clearly omits coverage for Sarrazin's claims, and the defenses of waiver and violation of reasonable

expectations do not apply. Without coverage under the insurance contract, Sarrazin's claims are subject to dismissal. *See Tyler*, 841 P.2d at 540 (affirming summary judgment in favor of insured on bad faith claim upon finding that intentional arson excluded coverage under the policy). Allstate's motion for summary judgment regarding Sarrazin's claims should be granted.

## VI. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that:

(1) Allstate's motion for summary judgment regarding UTPA and Punitive Damages Claims (*DKT 41*) be **DENIED**.

(2) Allstate's alternative motion for bifurcation of the UTPA claims from the breach of contract claims (*DKT 41*) be **DENIED**, and

(3) Allstate's motion for summary judgment regarding lack of coverage of Sarrazin's claims (*DKT 46*) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service

hereof, or objection is waived.

DATED this 11th day of December, 2012.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge