IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOHN JARVIS, BOBBI JO SARRAZIN, individually and as the parents of JADE SARRAZIN, KEEGAN SARRAZIN JARVIS, their minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CV-11-132-BLG-RFC-CSO<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*doc. 62*) with respect to Allstate's Motion for Partial Summary Judgment Regarding UTPA Claim or, in the alternative, Motion for Bifurcation of Claims, and Motion for Summary Judgment Regarding Lack of Coverage for Sarrazin's Claims.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiffs have filed

timely objections. *Doc.63*. Defendant did not respond to Plaintiffs' objections. Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Plaintiffs' objections are overruled.

**I.     Motion for Partial Summary Judgment on UTPA Claim**

The parties are familiar with the background and arguments. There is no need to repeat those items. They are set forth fully in Magistrate Ostby's Findings and Recommendations. *Doc. 62*.

Under the UTPA, an insured has an independent cause of action against an insurer for actual damages caused by an insurer's unfair claim settlement practices. *Bloxham v. Mountain West Farm Bureau Mut. Ins. Co.*, 43 F. Supp. 2d 1121, 1124 (D. Mont. 1999) (citing Mont. Code Ann. § 33-18-242(1)). But an insurer may not be held liable if the insurer had a "reasonable basis in law or in fact for contesting the claim...." Mont. Code Ann. § 33-18-242(5).

Whether an insurer had such a "reasonable basis in law or in fact" is generally a question for the trier of fact. *Dean v. Austin Mut. Ins. Co.*, 869 P.2d 256, 258 (Mont. 1994). A court may determine reasonableness at the summary judgment stage only when no material facts are disputed and the underlying basis of law is grounded in a legal conclusion. *Burton v. Mountain W. Farm Bureau*

2

*Mut. Ins. Co.*, 214 F.R.D. 598, 602 (D. Mont. 2003) (citing *Watters v. Guar. Nat. Ins. Co.*, 3 P.3d 626, 639 (Mont. 2000) *overruled on other grounds by Shilhanek v. D-2 Trucking, Inc.*,70 P.3d 721 (Mont. 2003)). "Reasonableness" can be a question of law for the court to determine "when it depends entirely on interpreting relevant legal precedents and evaluating the insurer's proffered defense under those precedents." *Redies v. Attorneys Liab. Prot. Soc.*, 150 P.3d 930, 938 (Mont. 2007) (specifically noting that insurer invoked the reasonable basis "in law" portion of Mont. Code Ann. § 33-18-242(5) as a defense to bad faith claim).

Sarrazin objects to Magistrate Ostby's Findings and Recommendation and argues that her UTPA claim will survive, even if the Court finds there is no coverage under the Policy. However, as discussed *infra*, because the Policy excludes coverage for Sarrazin's claims as a matter of law, there is no question that Sarrazin's UTPA claim fails. Allstate had a reasonable basis in law for contesting the claim. *See Tyler*, 841 P.2d at 540 (affirming summary judgment in favor of insured on bad faith claim upon finding that intentional arson excluded coverage under the policy); *Watts v. Westland Farm Mut. Ins. Co.*, 271 Mont. 256, 263-64, 895 P.2d 626, 630 (1995) (Because there was no policy insuring the cantaloupe at the time of the hailstorm, the court concluded as a matter of law that

the insurance company had a reasonable basis in law and in fact for contesting the claim which acts as a complete defense to a claim under UTPA). Sarrazin's UTPA claim does not survive.

## II. Motion for Bifurcation of Claims

Federal Rule of Civil Procedure 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The UTPA specifically contemplates bifurcation "where justice so requires." Mont. Code Ann. § 33-18-242 ("An insured may file an action under this section, together with any other cause of action the insured has against the insurer. Actions may be bifurcated for trial where justice so requires").

Rule 42(b) "is intended to further many significant policies – the parties' convenience, the avoidance of delay and prejudice, and the promotion of the ends of justice." *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2388 (3d ed.). Rather than the parties' wishes, the interest of efficient judicial administration controls. *Id.* "Bifurcation is the exception; not the rule." *L-3 Commun. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D. N.Y. 2005) (citations omitted). The burden is Allstate to show bifurcation is warranted. *Burton v. Mountain West*

4

*Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003) (burden on moving party).

Here, it appears that a primary issue on the UTPA claim will be the timing of Plaintiffs' submission of claims information to Allstate. The same claims information will likely form the basis for Plaintiffs' damages claims on their contract claims. Thus, the witnesses and evidence would be duplicated. Separate trials likely would result in undue delay, expense, and inconvenience, interfering with efficient judicial administration.

Allstate has not demonstrated that issues regarding lawyer witnesses require bifurcation. The Rules of Professional Conduct provide that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. Rule 3.7(a) of Montana Rules of Professional Conduct (adopted by this Court in Local Rule 83.2). Exceptions to this rule include testimony relating to an uncontested issue, and where disqualification of the lawyer would work substantial hardship on the client. *Id.* at Rule 3.7(a)(1), (3). It may be that counsel can stipulate as to when Allstate received claim information. It may also be that disqualification would work substantial hardship on Plaintiffs, as they assert. The parties can certainly request the trial judge to take steps to minimize any prejudice or

confusion resulting from trying the claims together. *See Bloxham v. Mountain West Farm Bureau Mut. Ins. Co.*, 43 F. Supp. 2d 1121, 1124 (D. Mont. 1999).

### III. Motion for Summary Judgment on Sarrazin's Claims

Allstate argues that the Policy excludes coverage for Sarrazin's claims as a matter of law. Although Sarrazin appears to concede that the exclusion language would bar her claims, she argues that genuine issues of material fact preclude summary judgment. Specifically, Sarrazin argues that: (1) Allstate paid some of her claims and such payments constitute a waiver of Allstate's right to enforce the owned vehicle exclusion; and (2) excluding coverage of her claims would violate the reasonable expectations doctrine. Both of Sarrazin's arguments fail.

In *Hamilton v. Trinity Universal Ins. Co.,* 465 F.Supp.2d 1060 (D.Mont. 2006), the court considered an exclusion similar to the owned vehicle exclusion here and found that it was consistent with Montana public policy. This type of exclusion "attempts to prevent insured from receiving benefits they have not paid for." *Hamilton*, 465 F.Supp.2d at 1066. "Permitting [a plaintiff] to receive underinsured motorist benefits when his vehicle was not insured would contravene the public policy of the state of Montana." *Id*. (citing Mont. Code Ann. § 61-6-301).

Just like *Hamilton*, the undisputed facts in this case are that the Policy's owned vehicle exclusion excludes UIM coverage for family member injuries that occur in the family member's vehicle not insured by Allstate. Sarrazin was a family member who was injured while occupying a vehicle she owned, and her vehicle was not insured by the Policy. Sarrazin falls into the owned vehicle exclusion, and her claims are excluded under the Policy.

1. **Waiver by Allstate**

Sarrazin asserts that Allstate waived its right to rely on the owned vehicle exclusion by providing payment for some of Sarrazin's medical bills. Allstate acknowledges that it paid "nearly $30,000 in UIM benefits" to Sarrazin, but asserts that these payments were made in error and that Sarrazin was not prejudiced by the payments or by Allstate's ultimate reliance on the language of the Policy exclusion. Allstate does not seek to recover the payments made to Sarrazin, but argues that it is not required to make any additional payments.

Waiver is a voluntary and intentional relinquishment of a known right, claim or privilege, which may be proved by express declarations or by a course of acts and conduct which induces the belief that the intent and purpose was waiver. *VanDyke Const. Co. v. Stillwater Mining Co.*, 78 P.3d 844, 847 (Mont. 2003). To

7

establish a knowing waiver, Sarrazin must demonstrate (1) Allstate's knowledge of the existing right, (2) acts inconsistent with that right, and (3) resulting prejudice. *Id.*

Payments made by mistake, when there is no showing of prejudice, do not constitute waiver. If an insurer initially acts under a mistaken understanding of the underlying facts, it may refuse additional payments after it learns information to correct the mistake. *McDonald v. N. Ben. Ass'n*, 131 P.2d 479, 486-87 (Mont. 1942).

"While it is true that a waiver may be implied by a course of action or conduct which induces the belief that the intention and purpose was waiver, such implied waiver requires a detrimental reliance by the party who is led by the conduct to believe a waiver has occurred." *Benson v. Diverse Computer Corp.*, 89 P.3d 981, 986 (Mont. 2004) (internal citation omitted). Sarrazin claims prejudice in that (1) she has relinquished her right to seek coverage under her own policy because she was led to believe she was covered by Allstate, and (2) she continued to seek medical treatment from multiple providers under a belief that Allstate would make payment for the treatment.

Magistrate Judge Ostby concluded that even if Sarrazin has satisfied the first two elements of proving waiver, the third element – proof of prejudice – is missing.

Sarrazin's objection to the Findings and Recommendations of Magistrate Ostby argues prejudice occurred because she gave up her right to seek coverage under her own policy for approximately two years. The determination not to pursue coverage under her policy was a choice made by Sarrazin and her counsel of their own free will. There were no circumstances caused or created by Allstate that would have prevented Sarrazin from pursuing benefits under her policy with The Hartford. There is also no reason why Sarrazin could not have continued to pursue coverage from both The Hartford and Allstate. Sarrazin was not "misled" by Allstate. Furthermore, Sarrazin's counsel acknowledged that she had no other insurance. *See Doc. 61-1* (counsel's letter indicating that Policy is the only insurance policy providing coverage).

Sarrazin's argument that she was prejudiced by Allstate's reliance on the exclusion lacks merit. Sarrazin cannot rely on a belief that Allstate would make payment after Allstate informed her of its reliance on the exclusion. In *Lee v. USAA Cas. Ins. Co.*, 22 P.3d 631, 639 (Mont. 2001), the Montana Supreme Court rejected an argument that a statement made by an insurance agent worked to

extend coverage beyond those covered risks expressly identified in the policy. The court reaffirmed that, in the absence of an ambiguity, an assurance made by an insurance agent does not "create" or extend coverage beyond risks covered by the policy. *Id.* The court also relied on M.C.A. § 33-15-302, which provides that "neither the insurer or any insurance producer or representative thereof ... shall make any agreement as to the insurance which is not plainly expressed in the policy."

Because the pertinent Policy language is clear, an inability to recover additional payments cannot alone constitute prejudice. As stated, Allstate is not claiming reimbursement for payments previously made. Sarrazin presents no other specific facts demonstrating either the existence or extent of medical expenses incurred after receiving notice of Allstate's reliance on the exclusion. *See Lee*, 22 P.3d 640-41 (plaintiff's failure to produce evidence of detrimental reliance precluded estoppel claim against insurer).

This Court concurs with Magistrate Ostby's finding that Allstate has not waived its right to rely on the exclusion as to payments to Sarrazin for expenses incurred after Allstate provided notice of its reliance on the exclusion.

## 2. Reasonable Expectations of an Insured

Under the reasonable expectations doctrine, "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Transamerica Ins. Co. v. Royle*, 656 P.2d 820, 824 (Mont. 1983). "Expectations which are contrary to a clear exclusion from coverage are not 'objectively reasonable'..." *Wellcome v. Home Ins. Co.*, 849 P.2d 190, 194 (Mont. 1993).

Considering similar facts, Judge Molloy rejected the argument that an owned vehicle exclusion violated the reasonable expectations of an insured. *See Hamilton*, 465 F. Supp. 2d at 1061-1062. The court found that the reasonable expectations doctrine is inapplicable where the terms of the insurance policy "clearly demonstrate an intent to exclude coverage," and therefore "expectations that are contrary to a clear exclusion are not objectively reasonable." *Id.* (citing *Stutzman v. Safeco Ins. Co. of America*, 945 P.2d 32, 37 (Mont. 1997)). The court explained:

> Here, the language of the exclusion clearly omits coverage under the circumstances of this case. Any understanding of the exclusion that is contrary to this clear language is therefore unreasonable. Moreover, it is not objectively reasonable for an insured to expect to receive underinsured

> motorist coverage for a vehicle for which he or she has not purchased any automobile insurance. Plaintiff's claim that the owned vehicle exclusion is contrary to the reasonable expectations of an insured thus is without merit.

*Hamilton*, 465 F. Supp. 2d at 1067.

The owned vehicle exclusion in the Policy is substantively the same as the owned vehicle exclusion in *Hamilton*, and clearly omits coverage for Sarrazin's damages. It is not objectively reasonable, as the *Hamilton* court reasoned, for Sarrazin to expect to receive underinsured motorist coverage when she was injured in a vehicle not covered under the Policy. The terms of the owned vehicle exclusion do not violate the reasonable expectations of an insured.

The owned vehicle exclusion clearly omits coverage for Sarrazin's claims, and the defenses of waiver and violation of reasonable expectations do not apply. Without coverage under the insurance contract, Sarrazin's claims are subject to dismissal. *See Tyler*, 841 P.2d at 540; *Watts v. Westland Farm Mut. Ins. Co.*, 271 Mont. 256, 263-64, 895 P.2d 626, 630 (1995).

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED**:

(1) Allstate's motion for summary judgment regarding UTPA and Punitive Damages Claims (*Doc. 41*) is **DENIED**.

(2) Allstate's alternative motion for bifurcation of the UTPA claims from the breach of contract claims (*Doc. 41*) is **DENIED**, and

(3) Allstate's motion for summary judgment regarding lack of coverage of Sarrazin's claims (*Doc. 46*) is **GRANTED**.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 13th day of February, 2013.

*/s/ Richard F. Cebull*_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE